**Mario Gomez VERDUZCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–97–01314–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 17, 2000.

Jay T. Karahan, Henry L. Burkholder, III, Houston, for Appellant.

John B. Holmes, Dan McCrory, Houston, for State.

Panel consists of Justices MIRABAL, WILSON, and HUTSON–DUNN.*

**OPINION**

DAVIE L. WILSON, Justice.

A jury convicted appellant, Mario Gomez Verduzco, of delivery of cocaine weighing 200 grams or more but less than 400 grams, and the jury assessed punishment at 16 years imprisonment. *See* Texas Controlled Substances Act, TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (e) (Vernon Supp.2000). Appellant challenges the legal and factual sufficiency of the evidence. We reverse and render a judgment of acquittal.

In its indictment, the State charged appellant with delivery of cocaine by: (1) actual transfer; (2) constructive transfer; and (3) offering to sell. *See* Texas Controlled Substances Act, TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon

---

* The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Supp.2000) (defining "delivery"). The State abandoned the charge of delivery by offering to sell by not submitting this issue to the jury. On appeal, the State argues that appellant's conviction should be affirmed based on delivery by actual transfer.

In points of error one and three, appellant contends the evidence is legally insufficient to support his conviction for actual or constructive transfer of cocaine. The critical inquiry on review of the legal sufficiency of the evidence to support a criminal conviction is whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. This inquiry does not require this Court to ask whether we believe that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve *conflicts* in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Santellan v. State,* 939 S.W.2d 155, 160 (Tex.Crim.App.1997); *Howley v. State,* 943 S.W.2d 152, 155 (Tex.App.—Houston [1st Dist.] 1997, no pet.).

Viewed in the light most favorable to the verdict, Houston Police Department Officer Mark Boyle and a confidential informant met Robert Smith at a motel. Officer Boyle offered Smith $8,000 for 500 grams of cocaine. Smith did not have the cocaine at that time, so Boyle left. When Boyle returned, Smith introduced him to appellant. Boyle then followed Smith, the confidential informant, and appellant to a grocery store, where they were joined by two other men, Paul Murphy and Crystal Hodge. Boyle then followed the other six men to a house where the cocaine was to be taken. Boyle told the men to page him when the cocaine arrived, and he left. He was paged 20 minutes later, and he returned with a "bust team."

Boyle went into the house's garage and observed the cocaine on a triple-beam scale. Appellant was "overseeing" its weighing. At that time, Murphy told Boyle to "go get the money," and Boyle agreed. Boyle left the garage and signaled the "bust team" to make the arrests. Boyle stated at trial that he never physically handled the cocaine before the arrests were made.

Appellant contends the evidence is legally insufficient to support his conviction for either actual or constructive transfer of the cocaine because Officer Boyle never took actual custody of it. In its briefs and at oral submission, the State in essence concedes the issue of constructive transfer, relying exclusively on the theory of actual transfer. According, we will review the sufficiency of the evidence to support appellant's conviction based on delivery by actual transfer.

The charge instructed the jury in part as follows:

A person commits an offense if he intentionally or knowingly delivers a controlled substance, whether or not there is an agency relationship.

"Delivery" means the constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

"Constructive transfer" is the transfer of a controlled substance either belonging to an individual or under his direct or indirect control, by some other person or manner at the instance or direction of the individual accused of such constructive transfer.

The Court of Criminal Appeals has held that the terms "actual transfer" and "actual delivery," as used in the Texas Controlled Substances Act, contemplate the manual transfer of property from the transferor to the transferee or to the transferee's agents or to someone identi-

fied in law with the transferee. *Heberling v. State*, 834 S.W.2d 350, 354 & n. 5 (Tex. Crim.App.1992); *see Hubbard v. State*, 896 S.W.2d 359, 362 (Tex.App.—Houston [1st Dist.] 1995, no pet.). The State concedes there was no hand-to-hand transfer of the cocaine, but instead argues the cocaine was actually transferred when appellant allowed Officer Boyle to visually inspect it, relying on *Nevarez v. State.*[1] 767 S.W.2d 766 (Tex.Crim.App.1989).

In *Nevarez*, the Court of Criminal Appeals discussed actual transfer as follows:

> In *Conaway v. State*, 738 S.W.2d 692 (Tex.Cr.App.1987) (plurality opinion), we determined that "actual transfer" consists in "transferring the real possession and control of a controlled substance from one person to another person." 738 S.W.2d at 695 citing Webster's Ninth Collegiate Dictionary (1985 Edition). And in *Daniels v. State*, supra [754 S.W.2d 214 (Tex.Crim.App.1988) ], this Court cited Ballantine's Law Dictionary to define "delivery" as "a handing over; the surrender of possession to another.... For some purposes, a delivery is accomplished by nothing more than making a thing available to another, *placing it within his reach*, notwithstanding there is no actual handing of the thing from one person to another." 754 S.W.2d at 220. (emphasis added).

*Nevarez*, 767 S.W.2d at 768. In *Nevarez*, a codefendant slid a bag of marihuana over to the police officer, who took the bag and tore it open. *Id. Nevarez* is distinguishable from the facts of this case because the police officer in *Nevarez* actually touched the controlled substance.

Viewing the evidence in the light most favorable to the verdict, Officer Boyle established that appellant offered to sell the cocaine for the stated price of $8,000 when appellant showed Boyle the cocaine and Murphy told Boyle in appellant's presence to "go get the money." There is no evidence that Boyle ever touched the cocaine, and the State at trial abandoned the theory of delivery of cocaine by an offer to sell.

There is also no evidence of a constructive transfer, which the State has essentially conceded. Accordingly, we hold that the evidence is legally insufficient to support appellant's conviction.

■ The *Jackson* standard for legal sufficiency of the evidence is the minimum standard for sustaining a conviction under the Due Process Clause of the Fourteenth Amendment. U.S. CONST. amend. XIV, § 1; *Jackson*, 443 U.S. at 317–18, 99 S.Ct. at 2788; *Clewis v. State*, 922 S.W.2d 126, 132 (Tex.Crim.App.1996). *Jackson* error is, therefore, constitutional error. *See* TEX.R.APP. P. 44.2(a) (reversible error in criminal cases). If an appellate court determines the evidence is legally insufficient, the court must render a judgment of acquittal. *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982); *Clewis*, 922 S.W.2d at 133.

We sustain points of error one and three. We need not reach points of error two and four regarding the factual sufficiency of the evidence.

### Conclusion

We reverse the judgment of the trial court and render judgment that appellant is acquitted.

---

1. The State has not discussed *Heberling* in either its briefs or at oral submission.