Opinion issued April 4, 2002
















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00127-CR

____________


DAVID LEE THOMAS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 155th District Court

Waller County, Texas

Trial Court Cause No. 99-06-9934






O P I N I O N


 A jury found appellant, David Lee Thomas, guilty of delivery of a controlled
substance, and the trial court assessed punishment at two years confinement in a state
jail and a $10,000 fine. In three points of error, appellant contends the evidence was
factually insufficient to sustain his conviction and the trial court erred by "arraigning"
him in the presence of the jury and in denying a mistrial when the State violated the
trial court's order granting appellant's motion in limine. We affirm.

Background

 Waller County Westside Narcotics Task Force Agent Steve Duong testified that,
on December 2, 1998, he was working undercover in Brookshire, Texas when appellant
signaled him to pull over and then approached his car. Agent Duong asked appellant
for $100 worth of crack cocaine. Appellant asked for the money at that time, but
Duong refused. Appellant gave Duong his watch to hold as collateral for the money
until appellant returned with the cocaine. After Duong circled the block, appellant
retrieved his watch and gave Duong five rocks of crack cocaine. Agent Duong
identified appellant before his arrest from a photo-spread, and later identified him again
during trial. 

 Task Force Agent John McGowan, working surveillance, observed appellant's
transaction with Duong. McGowan also identified appellant at trial, recognizing him
from the transaction with Duong and from his presence in the courtroom on a previous
occasion. Camille Stafford, a chemist with the Texas Department of Public Safety
Crime Lab, testified that the five crack rocks were in fact cocaine, weighing .53 grams.

Sufficiency of the Evidence

 In his first point of error, appellant contends the evidence was factually
insufficient to sustain his conviction because there was "no evidence to support an
affirmative act committed to promote the commission of an offense." 

 We treat this as a challenge to the legal sufficiency of the evidence to sustain his
conviction. We review legal sufficiency by viewing the evidence in the light most
favorable to the verdict to determine if any rational fact finder could have found the
essential elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155 (Tex.
App.--Houston [1st Dist.] 1997, no pet.). 

 The State charged appellant with delivery of cocaine by actual transfer,
constructive transfer, and offering to sell. Tex. Health & Safety Code Ann. §
481.112(a)(b) (Vernon Supp. 2001). The jury charge instructed that "a person commits
an offense if he intentionally or knowingly delivers a controlled substance," and
cocaine is a controlled substance. The charge further instructed that the term "deliver"
means "to transfer, actually or constructively or by offer to sell, to another a controlled
substance, regardless of whether there is any agency relationship. The term "actual
transfer" consists of transferring the real possession and control of a controlled
substance from one person to another. Verduzco v. State, 24 S.W.3d 384, 385 (Tex.
App.--Houston [1st Dist.] 2000, no pet.). 

 Viewed in a light most favorable to the verdict, Agent Duong offered appellant
$100 for crack cocaine. Appellant gave Agent Duong his gold watch as collateral
while he retrieved the cocaine. When appellant returned, he gave Duong five rocks of
crack cocaine in exchange for the $100. Agent Duong identified appellant from a
photo-spread as the individual who sold him the five rocks of crack cocaine. When
appellant transferred possession of five rocks of crack cocaine from himself to Agent
Duong, he made an actual transfer of a controlled substance under the statute. 

 We hold the evidence was legally sufficient to sustain his conviction.

 Also, under his "factual sufficiency" argument, appellant, in a footnote, argues
that although Agents Duong and McGowan identified him, "conflicting testimonies
revealed the contrary." Under the factual sufficiency standard, we ask, "whether a
neutral review of all of the evidence both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof." King, 29 S.W.3d at 563. We will reverse the fact
finder's determination only if a manifest injustice has occurred. Id. In conducting this
analysis, we may disagree with the jury's determination, even if probative evidence
supports the verdict, but must also avoid substituting our judgment for that of the fact
finder. Id. 

 Agent Duong testified that he offered to buy $100 worth of crack cocaine from
appellant. Appellant gave Duong a gold watch in exchange for the money until
appellant returned with the drugs. Appellant then gave Agent Duong five rocks of
cocaine in exchange for the return of the watch. Both Agent Duong and Agent
McGowan identified appellant as the individual who gave Duong the cocaine. 
Attempting to establish he was wrongly identified as the person who sold Agent Duong
the cocaine, appellant presented testimony from his fiancée that his hair, on the day the
transaction occurred, was not as long as described by Agents Duong and McGowan. 
Appellant also introduced testimony he owned a different brand of watch than the one
described by Agent Duong. 

 We note that a jury decision is not manifestly unjust merely because the jury
resolved conflicting views of the evidence in favor of the State. Cain v. State, 958
S.W.2d 404, 410 (Tex. Crim. App. 1997). We hold the evidence was factually
sufficient to support the jury's finding of guilt. 

 We overrule appellant's first point of error. 

Arraignment

 In his second point of error, appellant argues that the trial court erred "when it
conducted what appeared to be an arraignment proceeding in the presence of the jury." 
The record reveals the trial court, after impaneling the jury, asked the appellant to stand
and allowed the State to read the indictment pursuant to article 36.01(a)(1) of the Code
of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon Supp.
2001). After the indictment was read to the jury, appellant stated his plea of "not
guilty" pursuant to article 36.01(a)(2) of the Code of Criminal Procedure. Id. at
36.01(a)(2). This is a usual and customary part of the criminal trial process, and
appellant's argument that this was "improper and created inherent prejudice" is wholly
without merit. 

 We overrule appellant's second point of error. 

Motion in Limine

 In his third point of error, appellant contends the trial court erred in denying a
mistrial when the State violated the trial court's order granting appellant's motion in
limine. 

 Outside the presence of the jury, appellant objected to Agent Duong's use of the
term "narcotics suspect" in reference to appellant as a violation of his previously
granted motion in limine. Agent Duong used the term when he testified that he
identified appellant by name from a photo-spread of narcotics suspects. Appellant
argues the use of the term brought in evidence of an extraneous offense. Rejecting the
trial court's offer of an instruction to disregard, appellant moved for a mistrial, which
was denied.

 Testimony or other evidence referring to or implying extraneous offenses may
be rendered harmless by a trial court's instruction to disregard unless it was so clearly
calculated to inflame the minds of the jury or it was of such damning character as to
suggest it would be impossible to remove the harmful impression from the jury's mind. 
Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). The reference to
appellant as a "narcotics suspect," which was not repeated, was not so inflammatory
as to undermine a possible instruction to disregard by the trial court. Id. However,
appellant rejected the trial court's offer of an instruction to disregard, believing it
would not be "appropriate enough" to cure the defect. Because an instruction to
disregard would have properly cured any violation of the motion in limine, the trial
court properly overruled appellant's motion for mistrial. We overrule appellant's third point of error. 

Conclusion

 We affirm the judgment of the trial court.




 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges and Jennings.

Do not publish. Tex. R. App. P. 47.