Opinion issued November 7, 2002












   
 
 


In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-01-01084-CR
____________
 
JOHN HENRY WILLIAMS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 867754
 

 
 
O P I N I O N
          A jury found appellant, John Henry Williams, guilty of possession with intent
to deliver cocaine weighing more than four but less than 200 grams. After finding
true the allegations in two enhancement paragraphs that appellant had two prior
felony convictions, the trial court assessed punishment at 35 years confinement. In
two issues presented for our review, appellant challenges the legal and factual
sufficiency of the evidence supporting his conviction. We affirm.
Facts
          Pasadena Police Officer Issac Villareal testified that, on January 31, 2001, he
received information from a confidential source that a narcotics transaction was to
occur later that day. Officer Villareal organized a surveillance operation around an 
Exxon gas station, parked his car across the street from the station, and saw a gold
Mitsubishi turn in to the station and park in front of one of the gas pumps.
          Pasadena Police Officer Kenneth Peloguin testified that he also saw the gold
Mitsubishi pull in to the gas station, slowly drive around the station, and park next
to the gas pumps. Peloguin later identified Quiones Scott as the driver of the
Mitsubishi and appellant as the only passenger. Peloguin parked his unmarked police
car 30 feet behind the Mitsubishi, and he saw Scott get out of the car and enter the gas
station. A few minutes later, Scott walked out of the station to the Mitsubishi and
engaged appellant in a conversation. Peloguin saw appellant hand something to Scott
from inside the car and then saw Scott holding a plastic bag containing beige-colored
rocks. When Scott placed the bag in his pocket, Peloguin radioed other officers that
he saw a narcotics transaction, and Peloguin moved his police car directly behind the
Mitsubishi. Another police officer blocked the Mitsubishi from the front. Scott then
threw the bag into the front seat of the Mitsubishi and attempted to flee, but was
arrested by Peloguin. Scott told the officers that the narcotics were not his and
belonged to appellant. Appellant told the officers that he was a confidential
informant working with the Houston Police Department.
          When Officer Villareal arrived at the gas station, he found a plastic bag of
small, beige rocks in the driver’s seat of the Mitsubishi. A Pasadena Crime Lab
chemist testified the bag contained 12.9 grams of cocaine.Sufficiency of the Evidence
           In his first and second issues, appellant argues that the evidence was legally
and factually insufficient to support his conviction because the State failed to prove,
“with credible evidence,” that he possessed cocaine with the intent to deliver it.
          Appellant argues that the testimony of officers Villareal and Peloguin was not
credible and, therefore, his conviction should be overturned. Appellant points out
that no photographs, video, diagrams, or fingerprints were made of or taken from the
crime scene. Appellant further contends that Officer Peloguin’s observation of the
crime was impaired because he was 30 feet away and was looking through tinted
windows without the aid of binoculars, and because it was approximately 5:30 p.m. 
Additionally, appellant points out that he did not own the car, he did not flee, and no
narcotics or money were found on his person.
          We review the legal sufficiency of the evidence by viewing it in the light most
favorable to the verdict to determine if any rational fact finder could have found the
essential elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000). Although our analysis considers all evidence
presented at trial, we may not re-weigh the evidence and substitute our judgment for
that of the jury. Id.
          The factual sufficiency of the evidence is reviewed by examining all of the
evidence neutrally and asking whether the proof of guilt is so obviously weak or
greatly outweighed by contrary proof as to indicate that a manifest injustice has
occurred. Id. at 563. We will reverse a fact finder’s determination only if a manifest
injustice has occurred. Id. In conducting our analysis, we may disagree with the
jury’s determination, even if probative evidence supports the verdict, but we must
avoid substituting our judgment for that of the fact finder. Id.
          The State charged appellant with possession with intent to deliver a controlled
substance, namely, cocaine, weighing more than four grams and less than 200 grams
by aggregate weight, including adulterants and dilutants. See Tex. Health & Safety
Code Ann. § 481.112(a)(d) (Vernon 2001). The jury charge instructed that “a person
commits an offense if he intentionally or knowingly possesses with intent to a deliver
a controlled substance,” and that cocaine is a controlled substance. The charge
further instructed that “deliver” means “to transfer, actually or constructively, to
another a controlled substance.” “Actual delivery” of a controlled substance occurs
when there is a complete transfer of real possession and control of a controlled
substance from one person to another. Verduzco v. State, 24 S.W.3d 384, 385 (Tex.
App.—Houston [1st Dist.] 2000, no pet.).
              In regard to legal sufficiency, the evidence, viewed in a light most favorable
to the verdict, revealed that Officer Peloguin saw appellant hand something to Scott. 
Immediately after the transfer, Peloguin saw Scott holding a clear plastic bag
containing numerous beige rocks. A chemist testified that the beige rocks consisted
of 12.9 grams of cocaine. Moreover, Peloguin identified appellant in court as the man
who gave the cocaine to Scott. When appellant transferred possession of the crack
cocaine from himself to Scott, he made an actual transfer of a controlled substance
under the statute. We hold that the evidence was legally sufficient to sustain
appellant’s conviction.
          We overrule appellant’s first issue.
          In regard to factual sufficiency, Officer Peloguin was 30 feet away from, and
did not use binoculars to watch the transaction. Moreover, the windows of the
Mitsubishi were tinted. However, Peloguin testified that he had a clear view of the
Mitsubishi and saw appellant hand something to Scott from inside the car. 
Immediately thereafter, he saw Scott holding the bag of beige rocks. Appellant did
not deny ownership or prior possession of the cocaine, but told the officers that he
was an undercover informant for the Houston Police Department. To the extent that
any of the evidence in this case may be viewed as contradictory, we note that a jury
conviction is not manifestly unjust merely because the jury resolved conflicting views
of the evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).
          Based on our review of the record, and giving proper deference to the jury’s
finding as the trier of fact, we hold that the evidence was factually sufficient to
sustain appellant’s conviction.
          We overrule appellant’s second issue.Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Evans.




Do not publish. Tex. R. App. P. 47.