**Robin Denise DONLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–03–549 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted April 22, 2004.

Decided June 30, 2004.

Stephen C. Taylor, Humble, for appellant.

John S. Holleman, Criminal Dist. Atty., Jonathan Petix, Asst. Criminal Dist. Atty., Livingston, for state.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

A jury found Robin Denise Donley to be guilty of the offense of delivery by constructive transfer of a controlled substance, methamphetamine, in an amount of more than four (4) grams but less than two-hundred (200) grams. The Court assessed her punishment at ten (10) years of confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, probated over ten (10) years of community supervision. The sole issue presented on this appeal is whether the evidence is legally sufficient to support the conviction.

Legally sufficient evidence supporting a conviction exists if the court, after reviewing the evidence in the light most favorable to the prosecution, determines that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). The elements of the offense are: (1) a person, (2) knowingly or intentionally, (3) delivers, (4) a controlled substance. Tex.

Health & Safety Code Ann. § 481.112(a) (Vernon 2003). A delivery may be effectuated though: (1) actual transfer, (2) constructive transfer, or (3) an offer to sell. Tex. Health & Safety Code Ann. § 481.002(8) (Vernon Supp.2004). An actual transfer consists of a complete transfer of real possession and control of the contraband from the transferor to the transferee or his agents, while a constructive transfer covers a variety of situations where the transferor does not manually transfer the contraband to the transferee, but may include a transfer through an intermediary and a transfer effected by telling the recipient where the contraband is located. *Sims v. State,* 117 S.W.3d 267, 270–77 (Tex.Crim.App.2003); *Heberling v. State,* 834 S.W.2d 350, 354 (Tex.Crim.App. 1992). This indictment alleged a constructive transfer, and the jury charge included both an abstract definition and an application of the law of parties. *See* Tex. Pen. Code Ann. §§ 7.01, 7.02 (Vernon 2003). There were no objections to the charge. Thus, the charge authorized the jury to convict Donley if it found beyond a reasonable doubt that Donley, acting with intent to promote or assist the commission of the offense, aided or attempted to aid another person, to deliver the methamphetamine by constructive transfer.

The record reflects that an undercover narcotics officer and a confidential informant initially visited Robin Donley, Tim Donley and a man named John Taylor III, at a residence shared by all three. The officer testified that he smelled a very strong odor of chemicals as soon as he entered the premises. It appeared that someone was trying to dry methamphetamine in the oven. Taylor and the informant walked to the back of the trailer to negotiate. The transfer did not take place at that time; instead, the buyers were instructed to go to the informant's resi-

dence where the delivery would take place. The appellant drove Tim Donley and Taylor to the complainant's residence. The appellant sat with the officer while Taylor was in the back with the informant. She mentioned that she knew the officer from somewhere; he gave her a false name. The officer placed $370 on the coffee table. When the two men re-entered the room, Taylor picked up the money and placed the contraband, 7.13 grams of methamphetamine, on the table. In Donley's presence, Taylor explained how to cut the drugs with baby laxative to increase its volume. They left after about five minutes, with Donley once again driving.

At trial, Donley argued that the evidence established no more than Donley's mere presence at a transfer by Taylor. On appeal, the appellant argues that the evidence is insufficient because the evidence did not place her in actual possession of the contraband, she did not negotiate the sale, she did not handle the money, and the evidence did not establish that Taylor transferred the drugs at her instruction. She did, however, have control of the premises where the methamphetamine was being manufactured, kept an eye on a stranger while the co-defendant negotiated the deal, and transported the contraband to the drop point for the specific purpose of effectuating the exchange of the methamphetamine for cash. This evidence is sufficient for the jury to rationally find that Donley aided and assisted Taylor in the commission of the delivery.

To the extent that her brief may be construed to argue that the State proved an actual rather than a constructive transfer, the facts in this case are similar to the facts in *Sims*, where a constructive transfer preceded the actual transfer. *Sims*, 117 S.W.3d at 270. In *Sims*, the appellant pointed to the spot where the drugs were; the undercover officer retrieved the contraband, then negotiated a price for them. *Id.* at 268. Similarly, in a case where the appellant negotiated the deal and his spouse manually transferred the contraband, we held that the evidence supported the charged offense of delivery as a party to an actual transfer, but noted that the same facts would have also supported a prosecution for delivery by constructive transfer. *Santos v. State*, 834 S.W.2d 953, 954 (Tex.App.-Beaumont 1992, pet. ref'd). The facts here demonstrate a voluntary relinquishment of possession and control by Taylor, followed by assumption of possession and control by the undercover narcotics officer. Taylor's actions affected a constructive transfer, and the officer's actions completed an actual transfer. Donley is criminally responsible for Taylor's conduct under the law of parties.

The issue is overruled, and the conviction is affirmed.

AFFIRMED.