Opinion issued December 2, 2004






          






In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-1174-CR
   __________
 
DAVID GUZMAN PONCIO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause Nos. 902710
 

 
 
MEMORANDUM OPINION
          A jury convicted appellant, David Guzman Poncio, of burglary of a habitation,
and the trial court sentenced him to 60 years in prison. In two points of error,
appellant contends that 1) the evidence of burglary of a habitation was legally
insufficient and 2) the trial court erred in denying appellant’s motion for mistrial
after the introduction of extraneous offenses. We affirm.  
Background
          At approximately 11 a.m. on January 9, 2002, Steven Wedemeyer returned after
an hour at the gym and discovered that his home had been burglarized, and two
guitars were missing. Wedemeyer testified that, one month after the burglary, a
friend called from the Rockin Robin Guitar Store to tell him that someone had
brought Wedemeyer’s guitars in and sold them to the store. Wedemeyer confirmed
that the guitars in the store were the ones stolen from his home.
          Houston Police Department Officer J. Gray testified that, despite multiple
attempts, he was unable to retrieve any usable fingerprints from Wedemeyer’s home. 
          William Benitez, a pawnbroker with Value Pawn, testified that, at 10:29 a.m.
on the day of the burglary, appellant pawned two guitars–a Taylor acoustics and a
yellow Fender with a black case.


 Benitez explained that “the process of a pawn is,
basically, a 60 day loan.” Interest accrues during the two months, and, if the
customer does not return within two months, “it then becomes our property and we
sell it.” He testified that the Value Pawn receipts indicated that, on January 18th, Jose
Rodriguez, the assistant manager, “redeemed” or sold the guitars back to appellant.
          Houston Police Officer M. Lazar testified that he decided to look in the Value
Pawn during the course of his investigation of the high-crime area around the pawn
shop. The Value Pawn was located less than one mile from Wedemeyer’s home.
Lazar discovered that the guitars


 were on the list of items that had recently been
pawned. Benitez told Officer Lazar that they had later released the guitars to
appellant. During the course of his investigation, Officer Lazar learned that Jose
Rodriguez, the Value Pawn assistant manager, was the person who actually sold the
guitars to the Rockin Robin Guitar Store.


 
          Appellant was indicted with the felony offense of burglary of a habitation. The
indictment was enhanced with two prior felony convictions of robbery and burglary 
of a building.
Legal Sufficiency of Evidence
          In point of error one, appellant alleges that the evidence presented at trial was
legally insufficient to support his conviction. Appellant contends that under a
Jackson v. Virginia, 443 U.S.307, 99 S. Ct. 2781 (1979) standard of review for legal
sufficiency, his conviction would not stand because there were no witnesses to the
crime and “no piece of forensic evidence was ever recovered to link him to the
crime.” We disagree.           In Verduzco v. State, 24 S.W.3d 384 (Tex. App.—Houston [1st Dist.] 2000,
no pet.), we held that, in a legal-sufficiency review under Jackson, the critical
inquiry on review is whether the record evidence could reasonably support a finding
of guilt beyond a reasonable doubt. Id. at 385. The relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. Id. This familiar standard gives full play to the responsibility of the trier of
fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts. Id. The unexplained
possession of recently stolen property is a circumstance of guilt in a robbery case. 
Girard v. State, 631 S.W.2d 162, 163 (Tex. Crim. App. 1982) 
          Here, the evidence showed that, on January 9, 2002, two guitars were stolen
from Steven Wedemeyer’s home. Within two hours of when the burglary occurred,
appellant pawned two guitars (later identified as the ones that were stolen) at Value
Pawn which is located approximately three-quarters of one mile from where the
burglary occurred. The jury unanimously inferred from the facts that appellant was
guilty beyond a reasonable doubt. We hold that, after viewing the evidence in the
light most favorable to the prosecution, any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. 
          We overrule point of error one.Mistrial
          In point of error two, appellant contends that the trial court erred by denying
his motion for mistrial after the introduction of extraneous offenses.
          When the State rested, appellant requested a mistrial on the basis “that the
prosecutor and her witness, Officer Lazar, blatantly violated the Motion in Limine
. . . [that] instructed [the prosecutor] that before she interjected or attempted to
interject or bring into evidence prior convictions or any extraneous offenses that she
would first approach the bench.” Appellant contends that, during Lazar’s direct-examination, two specific exchanges between the prosecutor and Officer Lazar
unfairly prejudiced the jury. The first occurred during the following exchange:
          Q:      Now, obviously, you know we’re here for a case that
involves a burglary of a habitation; correct?
 
          A:      Correct.
          Q:      Tell the Jury what your involvement in that case was. How
did you get into the case?
 
          A:      I was asked by my lieutenant to investigate a series of
burglary—of burglaries that happened.
 
Defense Counsel: Object to the scope of that question. Ask to
approach the bench now, please.
 
Court: The objection’s sustained. The [request to] approach the
bench is overruled.
 
The second occurred when Officer Lazar offered the following testimony:
          Q:      When did you start to develop David Poncio as a possible
suspect in this case?
 
          A:      We started looking at different items he had taken and
tried to match them up with other burglaries.
 
          Defense Counsel: Objection. Approach?
 
          Court: The objection’s sustained.
 
          Q:      Now, just with regard to the guitars—
 
Defense Counsel: Excuse me. Would you instruct this witness to
be responsive to the questions, or instruct the prosecutor
to make her questions—we’re asking global questions
here. We’re getting nonresponsive or overresponive
answers. There is a Motion in Limine in place, and that’s
why I’d like to approach the bench.
 
Court: All right. Officer, make sure you listen to the question
and ask—or answer only the questions asked of you.
 
          Witness: Yes, sir.
 
          Court: Tailor your questions— 
 
          Prosecutor: Certainly, Judge.
 
          Court: —to the specific question.Standard of Review
          Mistrial is a remedy appropriate for a narrow class of highly prejudicial and
incurable errors. Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). We
review a trial court’s ruling denying a mistrial under an abuse of discretion standard. 
Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App.1999). A mistrial is a device used
to halt trial proceedings when error is so prejudicial that expenditure of further time
and expense would be wasteful and futile. Id. Thus, a trial court may properly
exercise its discretion to declare a mistrial if an impartial verdict cannot be reached
or if a verdict of conviction could be reached, but would have to be reversed on
appeal due to an obvious procedural error. Id. The appellate court must review the
trial court’s ruling in light of the arguments that were before the trial court at the
time it ruled. Wead v. State, 129 S.W.3d 126 (Tex. Crim. App. 2004). Determining
whether a given error necessitates a mistrial must be made by examining the
particular facts of the case. Ladd, 3 S.W.3d at 567. 
Extraneous Offense
          Evidence of an extraneous offense must necessarily involve evidence of prior
criminal conduct by the accused. McKay v. State, 707 S.W.2d 23 (Tex. Crim.
App.1985); Ramirez v. State, 822 S.W.2d 240 (Tex. App.—Houston [1st Dist.] 1991, 
pet. ref’d). If the evidence fails to show that an offense was committed or that the
accused was connected to the offense, then evidence of an extraneous offense is not
established. McKay, 822 S.W.2d at 32. Here, Officer Lazar’s testimony does not
involve any evidence of prior criminal conduct by appellant and therefore, evidence
of an extraneous offense was not established. Accordingly, the trial court did not
abuse its discretion in denying appellant’s motion for mistrial, and we overrule point
of error two. Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
 
Do not publish. Tex. R. App. P. 47.2(b).