NO. 07-04-0457-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 29, 2006

_____

TRACY YOLANDA WARD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 48,235-D; HON. DON EMERSON, PRESIDING

_____

*Opinion*

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

The State indicted Tracy Yolanda Ward (appellant) for knowingly delivering a controlled substance "by actual transfer to Rodger [sic] Ward, a person who [was] 18 years of age or younger." Ward was the unborn child of appellant at the time of the purported delivery, and the "actual transfer" purportedly occurred through appellant consuming the controlled substance (cocaine) and causing it to circulate through her blood stream and into that of the unborn child via the umbilical cord. Prior to trial and without the benefit of

a plea agreement, appellant pled guilty to the offense and received a five-year suspended sentence. Of her multiple issues on appeal, we need only address one. It concerns the legal sufficiency of the evidence supporting her conviction.[1] And, upon considering that issue, we reverse and render judgment.

Statute provides that a person commits an offense by knowingly delivering a controlled substance to a child. TEX. HEALTH & SAFETY CODE ANN. §481.122(a)(1) (Vernon 2003). A child, for purposes of the statute, "means a person younger than 18 years of age." *Id.* §481.122(d). And, according to that same Code, the term "person" encompasses "an individual, corporation, government, business trust, estate, trust, partnership, association, or any other legal entity." *Id.* §481.002(33) (Vernon Supp. 2005).

Also defined in the Texas Health and Safety Code is the term "deliver." According to the legislature, it "means to transfer, actually or constructively, to another a controlled substance . . . regardless of whether there is an agency relationship." *Id.* § 481.002(8). And, while the concept of actual transfer has not been statutorily defined, the Court of Criminal Appeals filled the void.[2]

Per that court, an actual transfer "contemplates the manual transfer of property from the transferor to the transferee or to the transferee's agents or to someone identified in law with the transferee." *Heberling v. State*, 834 S.W.2d 350, 354 (Tex. Crim. App. 1992);

---

[1]The bulk of the issues raised implicate constitutional matters. Authority holds, however, that if legal disputes may be resolved on non-constitutional grounds they must so be resolved. *Bradley v. State ex rel. White*, 990 S.W.2d 245, 247 (Tex. 1999) (stating that a court does not "consider constitutional challenges when [it] can dispose of a case on nonconstitutional grounds"). And, while it is clear that the litigants wish us to address the constitutional issues, we are compelled to abide by the foregoing authority.

[2]Because the State accused appellant, via the indictment of a delivery via "an actual transfer to" her unborn child, we focus upon the construction of that term and omit further reference to the theory of constructive transfer.

2

*accord, Thomas v. State,* 832 S.W.2d 47, 51 (Tex. Crim. App. 1992) (stating that an actual transfer occurs when the defendant "transfers actual possession and control of a controlled substance to another person"); *Donely v. State*, 140 S.W.3d 428, 429 (Tex. App.–Beaumont 2004, no pet.) (stating that an actual transfer "consists of a complete transfer of real possession and control of the contraband"); *Luna v. State*, No. 07-03-0184-CR, 2004 Tex. App. Lᴇxɪs 1750 (Tex. App.–Amarillo February 24, 2004, pet. ref'd) (reiterating *Heberling*). Implicit within this definition is the need for the transferor to exercise both possession and control over the substance delivered. *Donely v. State*, *supra* (discussing an actual transfer); *Queen v. State*, 662 S.W.2d 338, 340 (Tex. Crim. App. 1983) (stating that the "critical factor" in a constructive delivery is that prior to the delivery "the substance involved was directly or indirectly under the defendant's control"); *Williams v. State*, 783 S.W.2d 301, 302 (Tex. App.–Corpus Christi 1989, no pet.) (noting that possession and control of the substance prior to transfer is necessary under either theory). Similarly implicit is the requirement that the transferor relinquish that possession to another. *Thomas v. State*, 832 S.W.2d at 51. From this, it follows then that the recipient must also gain or exercise possession over the transferred substance before it can be said that the actual manual transfer occurred. *See Verduzco v. State*, 24 S.W.3d 384, 386 (Tex. App.–Houston [1ˢᵗ Dist.] 2000, no pet.) (finding that the evidence was legally insufficient to prove delivery since the intended recipient of the cocaine never touched it). In short, we cannot see how there can be a real, actual, or complete transfer of possession from the transferor unless someone gains possession of that relinquished by the transferor. With this said, we turn to the facts before us.

3

For purposes of this appeal, we assume *arguendo* that an unborn child is a child within the parameters of Texas Health and Safety Code § 481.122(a)(1). This is a matter we need not actually decide to resolve this appeal. Furthermore, all agree that the "actual transfer" contemplated here consisted of the ingestion by appellant of a controlled substance that eventually entered into the unborn child's body via conveyance through the umbilical cord. Nowhere are we cited to evidence suggesting that the unborn child actually handled, touched, manipulated or otherwise exercised physical possession over the drug. Again, the substance was merely discovered in the unborn child's body. And, therein lies the rub for the majority of jurisdictions that have considered the issue hold that the mere presence of a controlled substance in one's blood or urinary system does not constitute possession. *Jackson v. State*, 833 S.W.2d 220, 222-23 (Tex. App.–Houston [14th Dist.] 1992, pet. ref'd) (and cases cited therein); *New Mexico v. Montano*, 95 P.3d 1059, 1062 (N.M. Ct. App. 2004, no hist.); *State Bd. of Nursing v. Berry*, 32 S.W.3d 638, 642 (Mo. Ct. App. 2000, no hist.); *Logan v. Cox*, 624 N.E.2d 751, 754-55 (Oh. Ct. App. 1993, no hist.); *accord, State v. Griffin*, 584 N.W.2d 127, 131-32 (Wis. Ct. App. 1998, rev. denied) (stating that there was no possession because the accused could not exercise control over the drug once within his blood); *State v. Flinchpaugh*, 659 P.2d 208, 211 (Ks. 1983) (holding similarly). So, since the only evidence of record indicating that the unborn child possessed the drug taken by his mother is its presence in his body when born, and that is not evidence of possession as a matter of law, the State failed to satisfy its burden. In short, it did not present some evidence upon which a rational factfinder could conclude beyond reasonable doubt that an actual transfer of possession from appellant to the child occurred

4

as contemplated by §481.122(a)(1). Thus, appellant's conviction for the crime alleged in the indictment lacks the support of legally sufficient evidence and must be reversed.[3]

We are a judicial body obligated to enforce the law as written by the legislature. If that body cares to define "deliver" as including the transfer of drugs by a mother to her unborn child through the exchange of bodily fluids, it may do so. Yet, ours is not to write where it has not. Accordingly, we reverse the judgment of the trial court and render judgment acquitting appellant of the charge as averred in the indictment.


Brian Quinn
Chief Justice

Publish.

---

[3]To the extent that the State contends appellant waived her complaint regarding the sufficiency of the evidence, we find the argument unavailing. One cannot be convicted of something that is not a crime. And, to accept the State's contention would be to ignore that truism.