NO. 07-10-00132-CR; 07-10-00133-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 25, 2010

_____

CEDRICK WOODS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 272ND DISTRICT COURT OF BRAZOS COUNTY;

NO. 09-00301-CRF-272, 09-00302-CRF-272;

HONORABLE TRAVIS B. BRYAN III, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Cedrick Woods, entered an open plea of guilty[1] to two counts of

burglary of a habitation[2] and one count of evading arrest.[3]  The punishment range for

the burglary of a habitation offenses was enhanced by the allegation of conviction of a

_____

[1] An open plea is one entered without any agreement with the State as to punishment.

[2] See TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003).

[3] See id. § 38.04(a), (b)(2)(A) (Vernon Supp. 2010).

prior felony offense.[4]  Appellant entered a plea of true to the enhancement allegation contained in the burglary indictment.  The issue of punishment was decided by the trial court and, after hearing the testimony, the trial court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for a period of 30 years for one count of burglary and 10 years for evading arrest.[5]  Appellant appeals through three issues contending, in issues one and two, that the trial court's failure to properly admonish appellant should require this Court to reverse the convictions, and, in issue three, that the evidence was legally insufficient to support the trial court's order for restitution.  We will reverse the trial court's judgments and remand the cases for a new trial.

Factual and Procedural Background

On January 22, 2009, appellant was indicted in trial court cause number 09-00301-CRF on two counts of burglary of a habitation.  The indictment contained an enhancement paragraph alleging appellant had previously been convicted of a felony offense.  On that same day, appellant was also indicted in trial court cause number 09-00302-CRF for the offense of evading arrest using a motor vehicle.  The indictment further alleged that appellant had previously been convicted of the offense of evading arrest.

On September 18, 2009, appellant executed a written waiver of the right to trial by jury.  On January 27, 2010, appellant appeared before the trial judge and entered

---

[4] See id. § 12.42(b) (Vernon Supp. 2010).

[5] The other count of burglary of a habitation is not referred to in the judgment or otherwise referred to after the plea of guilty was received.

pleas of guilty to both counts of burglary of a habitation and to one count of evading arrest using a motor vehicle, and entered pleas of true to the enhancement paragraph in each indictment.[6] After hearing all of the evidence, including the testimony of appellant, the trial court assessed punishment at confinement in ID-TDCJ for 30 years on one of the counts of burglary and 10 years for evading arrest.

Appellant appeals contending that the failure of the trial court to admonish regarding the consequences of his pleas of guilty should result in reversal of the judgments for two reasons. First, appellant contends that the failure to admonish pursuant to article 26.13 of the Code of Criminal Procedure has resulted in harm and, therefore, requires reversal. See TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2010).[7] Second, appellant contends that the trial court's failure to admonish him regarding the consequences of his pleas of guilty violated his due process rights under the United States Constitution and, accordingly, require reversal of the judgments of guilt entered against him. By a third issue, appellant contends that there was insufficient evidence to assess restitution against him. We will reverse the judgment of conviction and remand the causes to the trial court for a new trial.

---

[6] The "enhancement paragraph" contained in the evading arrest indictment is actually an element of the offense and not a true enhancement of punishment.

[7] Further reference to the Code of Criminal Procedure will be by reference to "art." or "article."

Failure to Admonish

Each of appellant's first two contentions deal with the failure of the trial court to properly admonish him regarding his various constitutional and statutory rights prior to the trial court receiving his pleas of guilty.

Article 26.13 admonishments

Appellant contends that, because the trial court did not admonish him pursuant to article 26.13 prior to the entry of his pleas of guilty, the trial court erred. Further, appellant contends that such error harmed him. Accordingly, appellant contends that as a result of the harm, this Court should reverse and remand the causes back to the trial court for another trial.

Standard of Review

Admonishments pursuant to article 26.13 are designed to provide assurance that when a defendant waives certain of his constitutional rights, he does so voluntarily and with knowledge of the consequences of the act. See VanNortrick v. State, 227 S.W.3d 706, 708 (Tex.Crim.App. 2007). However, the admonitions contained in article 26.13 are not constitutionally required. See id. Therefore, any error found in the trial court's failure to properly give the admonitions required by the statute is reviewed as a non-constitutional error. See id. When we review the record for compliance with the statutory requirement, we look for substantial compliance. Id. However, when the trial court wholly fails to admonish the appellant, there is not substantial compliance, and to assert such is nothing more than a legal fiction. See Cain v. State, 947 S.W.2d 262,

264 (Tex.Crim.App. 1997). Here, the trial court in no way complied with the requirements of article 26.13. See art. 26.13(a). We, therefore, review the record before us for harm pursuant to Texas Rule of Appellate Procedure 44.2(b). See TEX. R. APP. P. 44.2(b).[8] Rule 44.2(b) directs us to disregard any error reflected in the appellate record, other than constitutional error, that does not affect the substantial rights of the appellant. See id.; Bessey v. State, 239 S.W.3d 809, 813 (Tex.Crim.App. 2007). In applying rule 44.2(b) in a failure to admonish case, the question becomes, after considering the record as a whole, do we have fair assurance that the appellant's decision to plead guilty would not have changed had the trial court admonished him. See Anderson v. State, 182 S.W.3d 914, 919 (Tex.Crim.App. 2006).

Analysis

The record reflects, and both parties agree, that the only article 26.13(a) admonition that is at issue is the range of punishment. Appellant was indicted for two counts of burglary of a habitation in trial court cause number 09-00301-CRF. See TEX. PENAL CODE ANN. 30.02(a)(1).[9] As indicted, the primary charge is a second-degree felony. § 30.02(c)(2). A second-degree felony is punishable by confinement for a period of not more than 20 years and not less than two years in the ID-TDCJ. See § 12.33 (Vernon Supp. 2010). However, the indictment for the burglary charges also carried an enhancement paragraph that alleged appellant had previously been

---

[8] Further reference to the Texas Rules of Appellate Procedure will be by reference to "rule ___" or "Rule ____."

[9] Further reference to the Texas Penal Code shall be by reference to "§ ____" or "section ____."

convicted of the felony offense of burglary of a habitation. This results in appellant's punishment range being elevated to a first-degree offense. See § 12.42(b). A first-degree felony has a possible punishment range of confinement in the ID-TDCJ for life or for any term of not more than 99 years or less than five years. See § 12.32.

The record also reflects that in trial court cause number 09-00302-CRF, appellant was indicted for the offense of evading arrest using a motor vehicle. See § 38.04(b)(1). Evading arrest using a motor vehicle is a state-jail felony and is punishable by confinement in a state-jail facility for any period of not more than two years or less than 180 days. § 12.35(a). The indictment contained what is labeled "Enhancement paragraph" that alleges appellant had previously been convicted of evading arrest. If such allegation is proven, the punishment range for appellant is elevated to third-degree felony status. See § 38.04(b)(2)(A).[10] As a third-degree felony, the punishment range applicable to appellant is confinement in the ID-TDCJ for any term of not more than 10 years or less than two years. See § 12.34.

In trial court cause number 09-00301-CRF appellant was sentenced to 30 years confinement in the ID-TDCJ. This was within the punishment range for a first-degree felony. In trial court cause number 09-00302-CRF appellant was sentenced to 10 years confinement in the ID-TDCJ. This sentence was within the range of punishment for a third-degree felony.

---

[10] Although the State characterized the prior evading offense as an enhancement, it is actually an element of § 38.04(b)(2)(A). See Calton v. State, 176 S.W.3d 231, 234 (Tex.Crim.App. 2005).

As we review the entire record, it is very apparent that the State had a significant amount of evidence of appellant's guilt for the offenses charged. This is a factor we may consider in determining whether any of appellant's substantial rights may have been affected by the failure to admonish. See Bessey, 239 S.W.3d at 813. Additionally, however, we must bear in mind that neither party has the burden to demonstrate harm when we are conducting a rule 44.2(b) analysis in a failure to admonish situation. See Burnett v. State, 88 S.W.3d 633, 638 (Tex.Crim.App. 2002). In Burnett, the Texas Court of Criminal Appeals pointed out that to warrant a reversal in a failure to admonish case, the record must support an inference that appellant did not know the consequences of his plea. See id. The court then went on to say that a silent record would support such an inference. Id. That is exactly what we find in the record before us: silence as to the applicable range of punishment. Therefore, as a reviewing court, we cannot be assured that appellant's decision to plead guilty would not have changed had the trial court admonished him properly. See VanNortrick, 227 S.W.3d at 709 (citing Anderson, 182 S.W.3d at 919). Accordingly, we sustain appellant's issue regarding the failure to admonish pursuant to article 26.13 and find that such failure did affect the substantial rights of appellant.

Due Process Violation

Having determined that the failure to admonish appellant regarding the range of punishment did affect appellant's substantial rights, we need not consider appellant's remaining issue regarding the contention that such failure to admonish was also a violation of his due process rights. See Ward v. State, 188 S.W.3d 874, 875 n.1

7

(Tex.App—Amarillo 2006, pet. ref'd); see also Jimenez v. State, 32 S.W.3d 233, 239 n. 23 (Tex.Crim.App. 2000) (recognizing that constitutional issues should not be addressed if the case can be resolved on nonconstitutional grounds).

## Sufficiency of the Evidence Regarding Restitution

Appellant's last issue deals with the sufficiency of the evidence to order restitution. Because we have held that the judgments should be reversed, we do not reach the issue of evidentiary support for the restitution ordered by the trial court's judgments. See Rule 47.1.

## Conclusion

Having sustained appellant's issue regarding failure to admonish on the range of punishment, we reverse the judgments of the trial court and remand both cases for new trial.

Mackey K. Hancock
Justice

Do not publish.