NO. 07-10-00132-CR; 07-10-00133-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
25, 2010

 



 

CEDRICK WOODS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 272ND DISTRICT COURT OF BRAZOS
COUNTY;

 

NO. 09-00301-CRF-272, 09-00302-CRF-272;

 

HONORABLE TRAVIS B. BRYAN III, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Cedrick
Woods, entered an open plea of guilty[1]
to two counts of burglary of a habitation[2]
and one count of evading arrest.[3]  The punishment range for the burglary of a habitation offenses was enhanced by the allegation of
conviction of a prior felony offense.[4]  Appellant entered a plea of true to the
enhancement allegation contained in the burglary indictment.  The issue of punishment was decided by the
trial court and, after hearing the testimony, the trial court assessed
punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice (ID-TDCJ) for a period of 30 years for one count of
burglary and 10 years for evading arrest.[5]  Appellant appeals through three issues
contending, in issues one and two, that the trial court’s failure to properly
admonish appellant should require this Court to reverse the convictions, and,
in issue three, that the evidence was legally insufficient to support the trial
court’s order for restitution.  We will
reverse the trial court’s judgments and remand the cases for a new trial.

Factual and
Procedural Background

On January 22, 2009, appellant was
indicted in trial court cause number 09-00301-CRF on two counts of burglary of
a habitation.  The indictment contained
an enhancement paragraph alleging appellant had previously been convicted of a
felony offense.  On that same day, appellant
was also indicted in trial court cause number 09-00302-CRF for the offense of
evading arrest using a motor vehicle. 
The indictment further alleged that appellant had previously been
convicted of the offense of evading arrest. 


On September 18, 2009, appellant
executed a written waiver of the right to trial by jury.  On January 27, 2010, appellant appeared
before the trial judge and entered pleas of guilty to both counts of burglary
of a habitation and to one count of evading arrest using a motor vehicle, and
entered pleas of true to the enhancement paragraph in each indictment.[6]  After hearing all of the evidence, including
the testimony of appellant, the trial court assessed punishment at confinement
in ID-TDCJ for 30 years on one of the counts of burglary and 10 years for
evading arrest.  

Appellant appeals contending that the
failure of the trial court to admonish regarding the consequences of his pleas
of guilty should result in reversal of the judgments for two reasons.  First, appellant contends that the failure to
admonish pursuant to article 26.13 of the Code of Criminal Procedure has
resulted in harm and, therefore, requires reversal.  See Tex.
Code Crim. Proc. Ann.
art. 26.13 (Vernon Supp. 2010).[7]  Second, appellant contends that the trial court’s
failure to admonish him regarding the consequences of his
pleas of guilty violated his due process rights under the United States
Constitution and, accordingly, require reversal of the judgments of
guilt entered against him.  By a third
issue, appellant contends that there was insufficient evidence to assess
restitution against him.  We will reverse
the judgment of conviction and remand the causes to the trial court for a new
trial.

 

 

Failure to
Admonish

Each of appellant’s first two
contentions deal with the failure of the trial court to properly admonish him
regarding his various constitutional and statutory rights prior to the trial
court receiving his pleas of guilty.  

Article 26.13 admonishments

            Appellant
contends that, because the trial court did not admonish him pursuant to article
26.13 prior to the entry of his pleas of guilty, the trial court erred.  Further, appellant contends that such error
harmed him.  Accordingly, appellant
contends that as a result of the harm, this Court should reverse and remand the
causes back to the trial court for another trial.

Standard of Review

            Admonishments
pursuant to article 26.13 are designed to provide assurance that when a
defendant waives certain of his constitutional rights,
he does so voluntarily and with knowledge of the consequences of the act.  See VanNortrick
v. State, 227 S.W.3d 706, 708 (Tex.Crim.App.
2007).  However, the admonitions
contained in article 26.13 are not constitutionally required.  See id.  Therefore, any error found in the trial
court’s failure to properly give the admonitions required by the statute is
reviewed as a non-constitutional error.  See
id.  When we review the record for
compliance with the statutory requirement, we look for substantial
compliance.  Id.  However, when the trial court wholly fails to
admonish the appellant, there is not substantial compliance, and to assert such
is nothing more than a legal fiction.  See
Cain v. State, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997). 
Here, the trial court in no way complied with the requirements of
article 26.13.  See art. 26.13(a).  We,
therefore, review the record before us for harm pursuant to Texas Rule of
Appellate Procedure 44.2(b).  See Tex. R. App. P. 44.2(b).[8]  Rule 44.2(b) directs us to disregard any
error reflected in the appellate record, other than constitutional error, that
does not affect the substantial rights of the appellant.  See id.; Bessey
v. State, 239 S.W.3d 809, 813 (Tex.Crim.App.
2007).  In applying rule 44.2(b) in a
failure to admonish case, the question becomes, after considering the record as
a whole, do we have fair assurance that the appellant’s decision to plead
guilty would not have changed had the trial court admonished him.  See Anderson v. State, 182 S.W.3d 914, 919 (Tex.Crim.App.
2006). 

Analysis

            The
record reflects, and both parties agree, that the only article 26.13(a)
admonition that is at issue is the range of punishment.  Appellant was indicted for two counts of burglary
of a habitation in trial court cause number 09-00301-CRF.  See Tex.
Penal Code Ann. 30.02(a)(1).[9]  As indicted, the primary charge is a
second-degree felony.  § 30.02(c)(2).  A second-degree
felony is punishable by confinement for a period of not more than 20 years and
not less than two years in the ID-TDCJ.  See
§ 12.33 (Vernon Supp. 2010).  However,
the indictment for the burglary charges also carried an enhancement paragraph
that alleged appellant had previously been convicted of the felony offense of
burglary of a habitation.  This results
in appellant’s punishment range being elevated to a first-degree offense.  See § 12.42(b).  A first-degree felony has a possible
punishment range of confinement in the ID-TDCJ for life or for any term of not
more than 99 years or less than five years. 
See § 12.32.  

            The
record also reflects that in trial court cause number 09-00302-CRF, appellant
was indicted for the offense of evading arrest using a motor vehicle.  See § 38.04(b)(1).  Evading arrest using a motor vehicle is a
state-jail felony and is punishable by confinement in a state-jail facility for
any period of not more than two years or less than 180 days.  § 12.35(a). 
The indictment contained what is labeled “Enhancement paragraph” that
alleges appellant had previously been convicted of evading arrest.  If such allegation is proven, the punishment
range for appellant is elevated to third-degree felony status.  See § 38.04(b)(2)(A).[10]  As a third-degree felony, the punishment
range applicable to appellant is confinement in the ID-TDCJ for any term of not
more than 10 years or less than two years. 
See § 12.34.  

            In
trial court cause number 09-00301-CRF appellant was sentenced to 30 years
confinement in the ID-TDCJ.  This was
within the punishment range for a first-degree felony.  In trial court cause number 09-00302-CRF
appellant was sentenced to 10 years confinement in the ID-TDCJ.  This sentence was within the range of punishment
for a third-degree felony.  

            As
we review the entire record, it is very apparent that the State had a
significant amount of evidence of appellant’s guilt for the offenses
charged.  This is a factor we may
consider in determining whether any of appellant’s substantial rights may have
been affected by the failure to admonish. 
See Bessey, 239
S.W.3d at 813.  Additionally,
however, we must bear in mind that neither party has the burden to demonstrate
harm when we are conducting a rule 44.2(b) analysis in a failure to admonish
situation.  See Burnett v.
State, 88 S.W.3d 633, 638 (Tex.Crim.App.
2002).  In Burnett, the Texas
Court of Criminal Appeals pointed out that to warrant a reversal in a failure
to admonish case, the record must support an inference that appellant did not
know the consequences of his plea.  See
id.  The court then went on to say
that a silent record would support such an inference.  Id. 
That is exactly what we find in the record before us: silence as to the
applicable range of punishment. 
Therefore, as a reviewing court, we cannot be assured that appellant’s
decision to plead guilty would not have changed had the trial court admonished
him properly.  See
VanNortrick, 227 S.W.3d at 709 (citing Anderson,
182 S.W.3d at 919).  Accordingly,
we sustain appellant’s issue regarding the failure to admonish pursuant to article
26.13 and find that such failure did affect the substantial rights of
appellant.

Due Process Violation

            Having
determined that the failure to admonish appellant regarding the range of
punishment did affect appellant’s substantial rights, we need not consider
appellant’s remaining issue regarding the contention that such failure to
admonish was also a violation of his due process rights.  See Ward v. State, 188 S.W.3d
874, 875 n.1 (Tex.App—Amarillo 2006, pet. ref’d); see also Jimenez v. State, 32 S.W.3d
233, 239 n. 23 (Tex.Crim.App. 2000) (recognizing that
constitutional issues should not be addressed if the case can be resolved on nonconstitutional grounds).

Sufficiency of the Evidence Regarding
Restitution

            Appellant’s
last issue deals with the sufficiency of the evidence to order
restitution.  Because we have held that
the judgments should be reversed, we do not reach the issue of evidentiary
support for the restitution ordered by the trial court’s judgments.  See Rule 47.1.

Conclusion

            Having
sustained appellant’s issue regarding failure to admonish on the range of
punishment, we reverse the judgments of the trial court and remand both cases
for new trial.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

Do not publish.  

 











[1]
An open plea is one entered without any
agreement with the State as to punishment.

 





[2]
See
Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 2003).

 





[3]
See
id. § 38.04(a), (b)(2)(A) (Vernon Supp. 2010).

 





[4]
See
id. § 12.42(b) (Vernon Supp. 2010).

 





[5]
The other count of burglary of a habitation is
not referred to in the judgment or otherwise referred to after the plea of
guilty was received.





[6]
The “enhancement paragraph” contained in the
evading arrest indictment is actually an element of the offense and not a true
enhancement of punishment.

 





[7]
Further reference to the Code of Criminal
Procedure will be by reference to “art.” or “article.”

 





[8]
Further reference to the Texas Rules of
Appellate Procedure will be by reference to “rule ___” or “Rule ____.”

 





[9]
Further reference to the Texas Penal Code shall
be by reference to “§ ____” or “section ____.”





[10]
Although the State characterized the prior
evading offense as an enhancement, it is actually an element of § 38.04(b)(2)(A).  See Calton v. State, 176 S.W.3d
231, 234 (Tex.Crim.App. 2005).